IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-56 |
| JOSHUA SNOWDEN | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Karen Gal-Or, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a nineteen-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 - 3 | False Statement in Purchase of a Firearm<br>On or about October 1, 2020 (Count 1)<br>On or about October 3, 3030 (Count 2)<br>On or about November 10, 2020 (Count 3) | 18 U.S.C. § 922(a)(6) |
| 4-19 | Possession of a Firearm as an Unlawful User of a Controlled Substance<br>On or about May 14, 2020 (Count Four)<br>On or about May 19, 2020 (Count Five)<br>On or about May 20, 2020 (Count Six)<br>On or about July 16, 2020 (Count Seven)<br>On or about September 25, 2020 (Count Eight)<br>On or about October 1, 2020 (Counts Nine through Twelve)<br>On or about October 3, 2020 (Count Thirteen)<br>On or about November 7, 2020 (Counts Fourteen through Sixteen) | 18 U.S.C. § 922(g)(3) |

FILED

FEB 11 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

On or about November 10, 2020 (Counts Seventeen through Nineteen)

## II. ELEMENTS OF THE OFFENSES

A.  **As to Counts 1 through 3:**

In order for the crime of false statement in purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the seller named in the Indictment was a licensed dealer;

2. That JOSHUA SNOWDEN made a false statement while acquiring a firearm from the seller named in the Indictment;

3. That JOSHUA SNOWDEN knew that the statement was false; and

4. That the false statement was intended or likely to deceive the seller named in the Indictment with respect to any fact material to the lawfulness of the sale of the firearm.

Third Circuit Model Criminal Jury Instruction 6.18.922A.

B.  **As to Counts 4 through 19:**

In order for the crime of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

A.  In order for the crime of Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. JOSHUA SNOWDEN knowingly possessed the firearm described in the

Indictment;

    2.    At the time of the charged act, JOSHUA SNOWDEN was an unlawful user of a controlled substance;

    3.    At the time of the charged act, JOSHUA SNOWDEN knew that he was an unlawful user of a controlled substance; and,

    4.    JOSHUA SNOWDEN's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified)

### III. PENALTIES

**A.**    **As to Counts 1 through 3: False Statement in Purchase of a Firearm (18 U.S.C. § 922(a)(6)):**

    1.    A term of imprisonment of not more than ten (10) years.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B.**    **As to Counts 4 through 19: Possession of a Firearm by an Unlawful User of a Controlled Substance (18 U.S.C. § 922(g)(3)):**

    1.    A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)).

    3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C.

§ 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Karen Gal-Or*
KAREN GAL-OR
Assistant U.S. Attorney
PA ID No. 317258